UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

OPERATING ENGINEERS LOCAL 139
HEALTH BENEFIT FUND, et al,

          Plaintiffs,

          Case No. 25-cv-0273-bhl

v.

LAKE EFFECT CONSTRUCTION INC,

          Defendant.

---

## ORDER FOR SUPPLEMENTAL BRIEFING

---

      On February 25, 2025, Plaintiffs Operating Engineers Local 139 Health Fund Benefit, Central Pension Fund of the International Union of Operating Engineers and Participating Employers, Wisconsin Operating Engineers Skill Improvement and Apprenticeship Fund, Joint Labor Management Work Preservation Fund, Terrance E. McGowan, Joseph Shelton, and International Union of Operating Engineers Local 139 commenced this lawsuit against Defendant Lake Effect Construction Inc. (ECF No. 1.) Plaintiffs allege that Defendant failed to make contributions to various funds from April 1, 2020 through March 31, 2024 as required by a collective bargaining agreement, thus violating the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§1132 and 1145, and the Labor Management Relations Act (LMRA), 29 U.S.C. §185. (*Id.* ¶¶1, 9.) On March 15, 2025, Plaintiffs served Defendant. (ECF No. 4.) Despite accepting service, Defendant has never appeared in this case. (*See id.*) As a result, on February 24, 2025, the Clerk of Court entered default pursuant to Federal Rule of Civil Procedure 55(a). On April 16, 2025, Plaintiffs moved for default judgment under Federal Rule of Civil Procedure 55(b)(2) for the ERISA violations.[1] (ECF No. 9.)

      ERISA requires employers to contribute to employee-benefits funds pursuant to the terms of a collective bargaining agreement. 29 U.S.C. §1145. In the event an employer fails to fulfill its

---

[1] Though alleged in the complaint, Plaintiffs do not appear to be requesting a damage award for any violation of the LMRA. (*See* ECF No. 9.)

obligation, a participant or beneficiary may commence litigation. 29 U.S.C. §1132(a)(1)(B). Section 1132(g)(2) details the allowed recovery for a Section 1145 violation. Failure to make contributions results in an award of the unpaid contributions, interest on the unpaid contribution, either interest on the unpaid contributions or liquidated damages not to exceed 20% of the unpaid contributions, reasonable attorneys' fees and costs, and any other legal or equitable relief as the Court deems appropriate. §1132(g)(2). Liquidated damages and interest may also be collected on late-paid contributions, though the liquidated damages are still subject to Section 1132(g)(2)'s 20% cap. *Operating Engineers Local 139 Health Benefit Fund v. Gustafson Construction*, 258 F.3d 645, 654–55 (7th Cir. 2001).

Under Rule 55(b)(2), the Court may enter a judgment by default without a hearing on damages if "the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983). In cases alleging a violation of ERISA, the plaintiff can prove definite figures through submission of affidavits or declarations authenticating collective bargaining agreements, audits, and itemized billing statements showing attorneys' fees and costs. *See Trs. of Cent. Laborers' Pension, Welfare & Annuity Funds v. Robinson*, No. 08-454-DRH, 2008 WL 5191761, at *2 (S.D. Ill. Dec. 11, 2008); *Wis. Sheet Metal Workers Health & Benefit Fund v. CC Installations, Inc.*, No. 11-C-641, 2011 WL 5404035, at *2 (E.D. Wis. Nov. 7, 2011); *N. Cent. States Reg'l Council of Carpenters' Pension Fund v. Ceiling Constructors, Inc.*, 14-cv-701-bbc, 2015 WL 12585908, at *1 (W.D. Wis. Mar. 12, 2015).

In this case, the complaint alleges that Defendant failed to remit all required contributions to Plaintiffs' benefit funds in violation of ERISA. (ECF No. 1 ¶¶9, 15, 20.) Plaintiffs have submitted affidavits, declarations, agreements, audits, and an itemized statement of attorney's fees and costs. (ECF Nos. 10–14.) Based on these submissions, Plaintiffs request $604.95 for unpaid contributions; $365.06 in liquidated damages; $511.91 in interest; and $742.00 in attorneys' fees and costs, totaling $2,223.92. (ECF No. 9 at 2.)

The Court cannot confirm whether the liquidated damages requested exceed the 20% statutory cap. It appears that Plaintiffs are requesting liquidated damages that are roughly 60% of the unpaid contributions, but at least some of the liquidated damages are for late-paid contributions that appear to inflate the percentage. After reviewing the submissions, the Court cannot verify what portion of the damages are for unpaid or late paid contributions and what percent of the

unpaid or late paid contributions is being sought. Accordingly, the Court cannot enter the default judgment Plaintiffs request.

To resolve the ambiguity, the Court will allow Plaintiffs 14 days to submit supplemental briefing justifying their request for liquidated damages or to provide an amended figure that is fully and properly supported. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs must submit supplemental briefing explaining why their current damages request complies with the statutory requirements or otherwise revising their damage submission on or before **May 27, 2025.**

Dated at Milwaukee, Wisconsin on May 13, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge