UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

OPERATING ENGINEERS LOCAL 139
HEALTH BENEFIT FUND, et al,

              Plaintiffs,

   v.                                                Case No. 25-cv-0273-bhl

LAKE EFFECT CONSTRUCTION INC,

              Defendant.

## ORDER GRANTING MOTION FOR DEFAULT JUDGMENT

On February 25, 2025, Plaintiffs Operating Engineers Local 139 Health Fund Benefit, Central Pension Fund of the International Union of Operating Engineers and Participating Employers, Wisconsin Operating Engineers Skill Improvement and Apprenticeship Fund, Joint Labor Management Work Preservation Fund, Terrance E. McGowan, Joseph Shelton, and International Union of Operating Engineers Local 139 commenced this lawsuit against Defendant Lake Effect Construction Inc. (ECF No. 1.) Plaintiffs allege that Defendant failed to make contributions to various funds from April 1, 2020 through March 31, 2024 as required by a collective bargaining agreement, thus violating the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§1132 and 1145, and the Labor Management Relations Act (LMRA), 29 U.S.C. §185. (*Id.* ¶¶1, 9.) On March 15, 2025, Plaintiffs served Defendant. (ECF No. 4.) Despite accepting service, Defendant has never appeared in this case. (*See id.*) As a result, on April 11, 2025, the Clerk of Court entered default pursuant to Federal Rule of Civil Procedure 55(a). On April 16, 2025, Plaintiffs moved for default judgment under Federal Rule of Civil Procedure 55(b)(2) for the ERISA violations.[1] (ECF No. 9.) On May 13, 2025, the Court ordered Plaintiffs to file a supplemental brief, explaining how their damages request complied with 29 U.S.C. §1132(g)(2), and the Plaintiffs filed a supplemental brief as directed. (ECF Nos. 16 & 17.)

---

[1] Though alleged in the complaint, Plaintiffs do not appear to be requesting a damage award for any violation of the LMRA. (*See* ECF No. 9.)

ERISA requires employers to contribute to employee-benefits funds pursuant to the terms of a collective bargaining agreement. 29 U.S.C. §1145. In the event an employer fails to fulfill its obligation, a participant or beneficiary may commence litigation. 29 U.S.C. §1132(a)(1)(B). Section 1132(g)(2) details the allowed recovery for a Section 1145 violation. Failure to make contributions results in an award of the unpaid contributions, interest on the unpaid contribution, either interest on the unpaid contributions or liquidated damages not to exceed 20% of the unpaid contributions, reasonable attorneys' fees and costs, and any other legal or equitable relief as the Court deems appropriate. §1132(g)(2). Liquidated damages and interest may also be collected on late-paid contributions, though the liquidated damages are still subject to Section 1132(g)(2)'s 20% cap. *Operating Engineers Local 139 Health Benefit Fund v. Gustafson Construction*, 258 F.3d 645, 654–55 (7th Cir. 2001).

Under Rule 55(b)(2), the Court may enter a judgment by default without a hearing on damages if "the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.3d 1319, 1323 (7th Cir. 1983). In this case, the complaint alleges that Defendant failed to remit all required contributions to Plaintiffs' benefit funds in violation of ERISA. (ECF No. 1 ¶¶9, 15, 20.) Plaintiffs have submitted affidavits, declarations, agreements, audits, and an itemized statement of attorney's fees and costs. (ECF Nos. 10–14.) Plaintiffs' supplemental brief, signed by Counsel, attests that the damages for late-paid contributions do not exceed the 20% statutory cap. (ECF No. 17.) The documentary evidence sufficiently substantiates Plaintiffs' request for judgment in their favor totaling $2,223.92, including $604.95 for unpaid contributions; $365.06 in liquidated damages; $511.91 in interest; and $742.00 in attorneys' fees and costs. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' motion for default judgment, ECF No. 9, be **GRANTED**. The Clerk of Court is directed to enter judgment in favor of Plaintiffs and against Defendant Programmed Painting Service Inc. in the amount of $2,223.92, including unpaid contributions in the amount of $604.95, interest in the amount of $511.91, liquidated damages in the amount of $365.06, and attorneys' fees and costs in the amount of $742.00.

Dated at Milwaukee, Wisconsin on June 2, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge
